UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-CV-20295-ALTMAN/REID

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

      Plaintiff,

vs.

JOSE CARLO GARCIA ESQUEDA,
SERGIO FRANCO VERDUGO, AYKUT
RAMADAN, and SIXT RENT A CAR, LLC.

      Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION

This matter is before the Court on Defendant Sixt Rent A Car LLC's ("Sixt") Motion to Dismiss State Farm Mutual Automobile Insurance Company's ("State Farm") Complaint for Declaratory Judgment. [ECF No. 16]. The Court has carefully considered the Complaint, Sixt's Motion to Dismiss, State Farm's Response, and the applicable law. [ECF No. 1, 16, 24]. For the reasons discussed below, it is **RECOMMENDED** that Sixt's Motion to Dismiss the Complaint be **DENIED**.

### I. BACKGROUND

This is a declaratory judgment action stemming from an insurance coverage dispute. [ECF No. 1]. On February 2, 2020, Sergio Franco Verdugo allegedly struck a cyclist, Jose Carlo Garcia Esqueda, with a vehicle owned by Sixt. [*Id.*]. At the time of the accident, the vehicle had been rented to another party, Aykut Ramadan. [*Id.*]. Garcia Esqueda filed a personal injury action against Ramadan, Franco Verdugo, and Sixt in state court. [*Id.* at ¶ 13]. Garcia Esqueda claimed

he suffered bodily injury because of Franco Verdugo's negligent operation of the vehicle. [*Id.*]. He also claimed Ramadan was vicariously liable for his injuries because Franco Verdugo was an agent or apparent agent of Ramadan. [*Id.*] Finally, Garcia Esqueda alleged that Sixt's rental of the vehicle to Ramadan was negligent because at the time of the accident Sixt had rented several other vehicles to Ramadan. [*Id.*] Garcia Esqueda claimed that Sixt knew or should have known the rented vehicles would be operated by other drivers. [*Id.*].

At the time of the accident, Ramadan was insured through State Farm under automobile insurance policy G78 6268-C10-59 ("the Policy"). [*Id.* at ¶ 14]. As a result, State Farm filed this action in federal court, seeking a declaration pursuant to 28 U.S.C. § 2201(a), the Declaratory Judgment Act, that: (1) State Farms owes no duty to indemnify Franco Verdugo, Ramadan, or Sixt for liability arising from the accident; and (2) the policy provides no liability coverage for any bodily injury sustained by Garcia Esqueda. [*Id.* at ¶ 21].

State Farm alleges it owes no coverage because the vehicle involved in the accident does not qualify as the insured's car, newly acquired car, trailer, or temporary substitute car. And Franco Verdugo, the driver, is not an insured as he does not meet the definition of an insured using a non-owned car. State Farm bases its arguments on the following policy terms and definitions:

> **Insuring Agreement**
>
> 1. ***We*** will pay damages an ***insured*** becomes legally liable to pay because of:
> a. ***bodily injury*** to others; and
> b. damage to property
> caused by an accident that involves a vehicle for which that insured is provided Liability Coverage by this policy.

[ECF No. 1-3 at 9].

> ***Insured*** means:
> 1. ***you*** and ***resident relatives*** for:
> a. the ownership, maintenance, or use of:

2

>(1) *your car*;
>(2) a *newly acquired car*; or
>(3) a *trailer*; and
>b. the maintenance or use of:
>(1) a *non-owned car*; or
>(2) a *temporary substitute car*;
>   . . . .
>
>3. any other *person* for his or her use of:
>a. *your car*;
>b. a *newly acquired car*;
>c. a *temporary substitute car*; or
>d. a *trailer* while attached to a car described in a., b., or c. above.
>Such vehicle must be used with your express or implied permission; and

[ECF No. 1-3 at 8].

>4. [as changed by endorsement]
>*Insured* means any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is:
>a. neither *owned by*, nor hired by, that other *person* or organization; and
>b. neither available for, nor being used for, carrying *persons* for a charge.

[ECF No. 1-3 at 51].

State Farm also alleges that Sixt does not qualify as an insured because Sixt owned the vehicle and/or the vehicle was available for, or being used for, carrying persons for a charge. [ECF No. 1 ¶ 18]. State Farm asserts that Ramadan and Franco Verdugo used the vehicle to carry persons for charge and were providing transportation network services. Therefore, the following policy exclusion precludes any coverage:

>**Exclusions**
>
>THERE IS NO COVERAGE FOR AN *INSURED*:
>   . . . .
>7. FOR DAMAGES ARISING OUT OF THE OWNERSHIP,

3

> MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS
> BEING USED TO CARRY **PERSONS** FOR A CHARGE.
> This exclusion does not apply to the use of a **private passenger
> car** on a share-the-expense basis;

[ECF No. 1-3 at 10].

> THERE IS NO COVERAGE FOR AN **INSURED** WHO IS:
> 1. PROVIDING TRANSPORTATION NETWORK SERVICES.

[ECF No. 1-3 at 52].

Sixt has moved to dismiss State Farm's Complaint based on Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted. [ECF No. 16 ¶ 5]. Sixt argues that, on its face, the complaint fails to establish Sixt has ever sought liability coverage under the insurance policy. [*Id.* ¶ 4]. Therefore, the complaint does not establish an Article III case or controversy. [*Id.*].

Sixt adds that, despite naming several defendants, the complaint contains no allegations against Sixt. [ECF No. 16 ¶ 2]. Instead, State Farm's complaint centers on policy exclusions that apply to the named insured, Ramadan. Sixt asks the Court to dismiss the complaint because none of the allegations in the complaint are directed at Sixt. [*Id.* at ¶ 3]

For the reasons discussed below, the Court recommends that Sixt's motion be DENIED.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. When

4

considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The complaint's general factual allegations must "plausibly and clearly allege a concrete injury." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 925 (11th Cir. 2020) (quoting *Thole v. U. S. Bank N.A*, 140 S.Ct. 1615, 1621 (U.S., 2020)). At the pleading stage, the "litigant must clearly and specifically set forth facts" to satisfy the requirements of Article III. *See id.* (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155, (1990)). Federal courts will not "imagine or piece together an injury sufficient to give [a] plaintiff standing when it has demonstrated none," nor will they "create jurisdiction by embellishing a deficient allegation of injury." *See id.* (quoting *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1229–30 (11th Cir. 2000)).

### III.   DISCUSSION

Sixt contends that State Farm has not stated a cognizable claim for relief against Sixt. Although Sixt has not moved to dismiss pursuant to Rule 12(1)(b), lack of subject matter jurisdiction, Sixt argues the complaint does not establish an Article III case or controversy. Sixt points to the undisputed fact that Sixt has not sought indemnification under the policy and claims the complaint is "devoid of any allegations" against it.

In response, State Farm argues that it is immaterial whether Sixt has sought coverage under the policy. [ECF No. 24 at 4]. Garcia Esqueda, the plaintiff in the underlying state court action, "is looking to recover liability coverage under the policy," therefore, the Court should address liability coverage as it applies to any of the parties, including Sixt. [*Id.*]. State Farm adds that Sixt has provided no assurance that it will be bound by the resulting declaratory judgment and may seek to

5

relitigate the coverage issues if it decides to seek indemnification from the driver, Franco Verdugo, and the named insured, Ramadan. State Farm asserts Sixt should be dismissed only if it agrees to be bound by the outcome of this declaratory action. [*Id.*]

First, the Court must address Sixt's argument that no case or controversy exists. Subject matter jurisdiction must be established before a case can proceed on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998). The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, among other things, that plaintiffs have standing and that claims be ripe for adjudication. *See Mid-Continent Cas. Co. v. Zota*, No. 10-61090-CIV, 2010 WL 11549759, at *1 (S.D. Fla. Sept. 15, 2010) (citing *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010)). "Ripeness is an issue pertaining to the Court's subject matter jurisdiction." *Id.*

"Ordinarily, federal courts have no margin for error on questions of jurisdiction. But Declaratory Judgment Act cases are different, because that statute vests courts with discretion to say whether declaratory relief is appropriate in the underlying conflict." *James River Ins. Co. v. Rich Bon Corp.*, 34 F.4th 1054, 1056 (11th Cir. 2022). The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that in "a case of actual controversy ... any court of the United States ... may declare the rights and legal relations of any interested party seeking such declaration." "As the permissive text suggests, a district court has discretion in deciding whether to entertain an action under the Act." *Nat'l Tr. Ins. Co. v. S. Heating & Cooling Inc*, 12 F.4th 1278 (11th Cir. 2021). In a recent decision, the Eleventh Circuit explained:

> Declaratory actions are especially helpful for third parties—insurance companies in particular. That is because a tort suit against an insured often generates distinct issues beyond whether the insured is liable for the tort, say, whether the insurer has a duty to defend, or whether the insured's policy covers the liability alleged in the complaint. **When the policy does not cover the liability even if all the facts alleged in the complaint are true, declaratory relief enables the insurance**

6

> **company to avoid the tort suit completely.** And even when the policy does apply, a declaratory suit allows the insurance company to resolve its liability without waiting for every individual injured party to sue the insured. Declaratory judgments thus play a valuable role in this context, clarifying insurance companies' liability quickly and directly.

*James River Ins. Co.*, 34 F.4th at 1058 (emphasis added) (citations omitted).

In this action, State Farm attempts to avoid the tort suit completely, essentially arguing that the policy bars coverage for accidents involving a non-owned vehicle operated by someone other than the insured and any vehicle used for transportation network services or to carry persons for charge. In its complaint, State Farm asserts that Sixt is not an insured based on the policy terms, but if it were, the policy exclusion regarding transportation network services bars coverage in relation to every party.

Sixt's contention that the declaratory action contains no allegations directed at Sixt is therefore inaccurate. State Farm has alleged that the vehicle involved in the accident belongs to Sixt, that Sixt rented that vehicle to Ramadan, and that Sixt does not qualify as an insured. And it is undisputed that Garcia Esqueda is seeking to recover damages from Sixt, Franco Verdugo, and Ramadan.

Taking the allegations as true, State Farm has established a plausible claim for declaratory relief against all parties, including Sixt. If the vehicle was in fact used for network transportation services, the unambiguous policy exclusion would bar coverage as to all parties.[1] And the undisputed facts suggest Sixt is not an "insured" based on the policy terms and definitions. State Farm has sufficiently stated that the unambiguous policy language excludes coverage for any of the parties.

---

[1] Ramadan and Franco Verdugo deny in their answers to the declaratory action that the vehicle was used for network transportation services or to carry persons for charge. *See* [ECF No. 31, 32].

Other courts in this district have recognized that an exclusion regarding a rental car operated by someone other than the named insured or resident relative applies to bar coverage. *See Allstate Ins. Co. v. Harmon*, 314 F. Supp. 3d 1336 (S.D. Fla. 2018); *Allstate Fire & Cas. Ins. Co. v. Paolino*, No. 14-61934-CIV, 2015 WL 2070335 (S.D. Fla. May 4, 2015).

In *Harmon*, a driver other than the named insured or "resident relative" struck two individuals with a vehicle that had been rented to the named insured. 314 F. Supp. 3d at 1336. The insurer defended the driver in a tort action filed by one of the injured parties pursuant to a reservation of rights. *Id.* at 1338. The insurer anticipated the same injured party would sue the named insured, and the insurer had received notice that the other injured party was intending to file a related personal injury claim. *Id.* To avoid incurring unnecessary litigation costs, the insurer asked the court for a declaration as to whether liability coverage existed for the underlying tort suits. *Id.* at 1338–39. The court determined that, because the elements of the unambiguous policy exclusion on rental cars had been met, the insurer had no duty to defend or indemnify the named insured or the driver in the state court actions.[2] *See id.* at 1342.

Like the insurer in *Harmon*, State Farm anticipates that the parties, including Sixt, will seek indemnification under the Policy. And like *Harmon*, State Farm reasonably seeks a declaration of liability coverage to avoid incurring unnecessary litigation costs. *See id; see also James River Ins. Co.*, 34 F.4th at 1062 ("[I]nsurers reasonably expect the federal courts to resolve run-of-the-mill disputes about their duties to defend and indemnify against claims made in an underlying tort action. In fact, allowing 'a declaratory action by an insurer to establish nonliability under casualty insurance was one of the prime purposes of the Declaratory Judgment Act.'") (Brasher, J., concurring) (quoting *W. Cas. & Sur. Co. v. Teel*, 391 F.2d 764, 766 (10th Cir. 1968)).

---

[2] None of the parties in the instant action have raised arguments regarding the duty to defend.

Sixt correctly notes that it has not sought indemnification from State Farm. But this fact alone does not show a lack of controversy as contemplated by the Declaratory Judgment Act. The Supreme Court has explained that "[t]he difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (U.S. 1941). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*

The Court finds that State Farm has sufficiently alleged that the parties have adverse legal interests of sufficient immediacy to warrant a declaratory judgment. Viewing the allegations in a light most favorable to State Farm, it is plausible that the policy clearly and unambiguously bars coverage for the accident. A declaration that the policy provides no coverage would impact all parties involved in the tort suit, including Sixt.

State Farm has alleged that Garcia Esqueda is seeking to recover damages under the Policy and Franco Verdugo and Ramadan are likely to contest State Farm's position that the Policy provides no coverage. Franco Verdugo and Ramadan have not joined Sixt's Motion to Dismiss and have denied that the vehicle was used for transportation services. This factual issue is collateral to the tort suit and was not raised by Garcia Esqueda in his complaint. Garcia Esqueda has simply alleged that Franco Verdugo was an agent or apparent agent of Ramadan. *See* [ECF No. 1-2].

If the Court exercises its discretion in deciding whether to entertain State Farm's claim against Franco Verdugo and Ramadan, Sixt should be a part of the proceedings. "A declaratory judgment

action must include all parties with adverse legal interests and parties whose interest would be prejudiced if the case were allowed to progress without them." *Kinsale Ins. Co. v. Pultegroup, Inc.*, No. 4:19CV544-MW/MAF, 2020 WL 7629312 (N.D. Fla. Apr. 15, 2020) (citing *Amerisure Ins. Co. v. R.L. Lantana Boatyard, Ltd.*, No. 10-80429, 2010 WL 4628231 (S.D. Fla. Nov. 8, 2010)). In sum, State Farm has stated a plausible claim for declaratory relief against Sixt.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant, Sixt's Motion to Dismiss [ECF No. 16] be **DENIED**.

Objections to this Report may be filed with the district judge within **FOURTEEN** (14) days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 14th day of September, 2022.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

**cc:** All Counsel of Record