UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-20295-CIV-ALTMAN/Reid

STATE FARM MUTUAL
AUTOMOBILE INSURANCE,

    *Plaintiff*,

v.

JOSE CARLO GARCIA ESQUEDA, *et al.*,

    *Defendants*.

_____/

## ORDER

Defendant, Sixt Rent a Car LLC, filed a Motion to Dismiss. [ECF No. 16]. The Court referred the Motion to United States Magistrate Judge Lisette M. Reid, *see* [ECF No. 35], who issued a Report and Recommendation (the "Report") [ECF No. 45], suggesting that the Motion be denied, *id.* at 10. Magistrate Judge Reid also warned the parties as follows:

> Objections to this Report may be filed with the district judge within **FOURTEEN** (14) days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

*Ibid*. More than fourteen days have passed, and neither side has objected.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here,

when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the Report, the record, and the applicable law, and can find no clear error on the face of the Report. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The Report [ECF No. 45] is **ACCEPTED and ADOPTED**.

2. The Motion [ECF No. 16] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida this 29th day of September 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record